UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>MARSHA WALTERS, et al.,<br><br>    Defendants. | Case No. 17-cv-02114-SVK<br><br>**ORDER ON (1) MOTION REQUESTING SECOND EXTENSION OF TIME TO COMPLETE SERVICE ON DEFENDANT MARSHA WALTERS AND (2) MOTION TO PERMIT SERVICE BY PUBLICATION**<br><br>Re: Dkt. Nos. 20, 21 |

Before the Court are two motions: (1) Plaintiff's motion requesting an extension of time to complete service on Defendant Marsha Walters (ECF 20) and (2) Plaintiff's motion requesting permission to serve Ms. Walters by publication (ECF 21). Pursuant to Civil Local Rule 7-1(b), the Court deems this matter suitable for decision without oral argument. After a review of the motions, the relevant law, and good cause appearing, the Court DENIES Plaintiff's motion to permit service by publication without prejudice and GRANTS Plaintiff an extension of time until November 30, 2017 to complete service on Ms. Walters by other means; to renew his motion to permit service by publication, supported by additional evidence as discussed below; or to file a status report explaining his additional efforts to serve Ms. Walters.

**I.  BACKGROUND**

On April 17, 2017, Plaintiff filed this action against Defendants Marsha Walters and House of Pho LLC, alleging violations of the Americans with Disabilities Act ("ADA") and the Unruh Civil Rights Act. ECF 1. On the same day, the Court issued a summons to both Defendants. ECF 6. Plaintiff served Defendant House of Pho on May 14, 2017. ECF 8.

On June 27, 2017, Plaintiff filed a motion requesting a 60-day extension of time to complete service on Ms. Walters. ECF 17. Plaintiff's motion stated that between April 29 and

May 21, 2017, he had attempted on several occasions to personally serve Ms. Walters. ECF 17-1 at ¶ 4. The motion also stated that Plaintiff's counsel had mailed a Notice of Acknowledgement of Receipt of Summons and Complaint to Ms. Walters but that Ms. Walters had not yet returned a signed Notice of Acknowledgment. *Id.* at ¶¶5-6. In an order issued on June 28, 2017, the Court noted that Plaintiff's motion for an extension of time was untimely but granted Plaintiff a 45-day extension of time to complete service on Ms. Walters, which made the deadline for service August 12, 2017. ECF 18.

On September 14, 2017, more than a month after this extended deadline for service had passed, Plaintiff filed a new motion requesting a second extension of time to complete service on Ms. Walters. ECF 20. A declaration submitted by Plaintiff's counsel in support of the motion indicated that Ms. Walters had still not returned a signed Notice of Acknowledgment. ECF 20-1 at ¶ 8. The motion did not identify any additional efforts by Plaintiff to serve Ms. Walters in the two-and-a-half months since the first extension of time was granted. *See* ECF 20-1.

Plaintiff's motion for a second extension of time to complete service on Ms. Walters was accompanied by a motion requesting permission to serve her by publication in "El Observador Publications, Inc.," which Plaintiff describes as "a newspaper of general circulation" that "circulates in the area of Defendant's last known address." ECF 21.

Plaintiff and Defendant House of Pho, who are the only parties who have appeared in this action to date, have consented to the jurisdiction of a magistrate judge. ECF 7, 16.

**II. DISCUSSION**

Under this Court's General Order governing ADA access litigation in this district, the Plaintiff must complete service on all defendants "forthwith." General Order 56 at ¶ 1. "A plaintiff who is unable to complete service on all necessary defendants within 63 days may, prior to the expiration of that period, file a Motion for Administrative Relief pursuant to Civil Local Rule 7-11 requesting an extension of the schedule required by this Order." *Id.*

In his motion to permit service by publication, Plaintiff invokes California law governing service of a summons and complaint. *See* ECF 21 at 4-5. Under Federal Rule of Civil Procedure 4(e)(1), an individual may be served in a judicial district of the United States by following state

2

law for serving a summons in an action brought in a state court of general jurisdiction in the state where the district court is located or where service is made.

California law permits service by publication "if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that either: (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action [or] (2) The party to be served has or claims an interest in real or personal property in this state that is subject to the jurisdiction of the court or the relief demanded in the action consists wholly or in part in excluding the party from any interest in the property." Cal. C. Civ. Proc. § 415.50(a). If service by publication is appropriate, the order permitting publication must meet certain requirements, including that "[t]he court shall order the summons to be published in a named newspaper, published in this state, that is most likely to give actual notice to the party to be served." Cal. C. Civ. Proc. § 415.50(b).

"Reasonable diligence" denotes "a thorough, systematic investigation and inquiry conducted in good faith by the party or his agent or attorney." *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995) (internal quotation marks and citations omitted); *see also* Judicial Council notes to Cal. C. Civ. Proc. § 415.50. Before allowing service by publication, "the courts necessarily require [the plaintiff] to show exhaustive attempts to locate the defendant, for it is generally recognized that service by publication rarely results in actual notice." *Watts*, 10 Cal. 4th at 749 n.5 (internal citations omitted).

> A number of honest attempts to learn defendant's whereabouts or his address by inquiry of relatives, friends, and acquaintances, or of his employer, and by investigation of appropriate city and telephone directories, the voters' register, and the real and personal property index in the assessors' office, near the defendant's last known location, are generally sufficient. These are the likely sources of information, and consequently must be searched before resorting to service by publication.

*Id.*; *see also* Judicial Council notes to Cal. C. Civ. Proc. § 415.50. Because of due process concerns, service by publication must be allowed "only as a last resort." *Loskot v. El Cerrito Galleria*, No. CV 12-05549-KAW, 2013 U.S. Dist. LEXIS 174236, at *3 (N.D. Cal. Dec. 12, 2013) (quoting *Donel, Inc. v. Badalian*, 87 Cal. App. 3d 327, 333 (1978)).

3

Here, Plaintiff has failed to demonstrate that Ms. Walters "cannot with reasonable diligence be served in another manner," as required under Code of Civil Procedure section 415.50(a). Plaintiff's attempts to serve Ms. Walters consist only of (1) six attempts over a period of less than three weeks in April and May of this year to serve her at a single address, and (2) mailing a Notice of Acknowledgment to that address. ECF 21-1 at ¶¶ 9-12; ECF 21-3; ECF 21-4. Since the Court granted Plaintiff's June request for a first extension of time to serve Ms. Walters, Plaintiff has not undertaken any additional efforts to complete service. It appears that Plaintiff may have located a correct address for Ms. Walters, as evidenced by the process server's affidavit stating that on one occasion a male at that address stated that Ms. Walters was "not in" and on another occasion a neighbor stated that Ms. Walters was in the hospital. ECF 21-3. But Plaintiff has not demonstrated any attempt to identify other locations where Ms. Walters may be found. Nor has Plaintiff demonstrated any attempt made to contact Ms. Walters other than knocking on her door and attempting service by mail. For example, Plaintiff has not demonstrated any effort to contact Ms. Walters by phone or email, or to interview friends, neighbors, co-workers, or others who may know her location. The single discussion the process server had with a neighbor, who indicated that Ms. Walters was in the hospital, only heightens the Court's concerns about due process.

In addition to Plaintiff's failure to demonstrate reasonable diligence in attempting to locate Ms. Walters, Plaintiff has failed to submit facts showing that publication in "El Observador Publications, Inc." is "most likely to give actual notice to the party to be served," as required under Code of Civil Procedure section 415.50. Plaintiff's conclusory assertions that El Observador is "a newspaper of general circulation" that "circulates in the area of Defendant's last known address" are insufficient to show that Ms. Walters is likely to receive actual notice of this action by publication in that newspaper, which describes itself as "the voice into the Hispanic Community."[1]

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion for permission to

---

[1] http://el-observador.com/about-us/

4

serve Defendant Marsha Walters by publication. The Court GRANTS Plaintiff a further extension, until November 30, 2017, to complete service on Ms. Walters by other means; to renew his motion to permit service by publication, supported by additional evidence as discussed above; or to file a status report explaining his additional efforts to serve Ms. Walters.

**SO ORDERED.**

Dated: October 4, 2017

_Susan van Keulen_
SUSAN VAN KEULEN
United States Magistrate Judge